Dorothy COWEN, Trustee in the Bankruptcy of Motels of Terrebonne, Inc.

v.

Ray A. GUIDRY.

Civ. A. No. 14799.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 4, 1967.

Edward M. Heller, New Orleans, La., for plaintiff.

Peter J. Butler, Sehrt, Boyle & Wheeler, New Orleans, La., for defendant.

MITCHELL, District Judge.

This matter came on for trial on August 2, 1967. The Court, after full consideration of this matter and being fully advised in the premises, makes the following findings of fact and following conclusions of law:

## FINDINGS OF FACT

### I

Motels of Terrebonne, Inc., filed a voluntary petition for bankruptcy on April 7, 1964 in the United States District Court for the Eastern District of Louisiana, which petition bears the Docket No. 67–173 of said Court; Dorothy Cowen is the duly appointed Trustee for said bankrupt corporation.

### II

This suit is brought by the Trustee in Bankruptcy of Motels of Terrebonne, Inc., against Ray A. Guidry, for the return of certain real property acquired by Ray A. Guidry at a Sheriff's sale. The property formerly belonged to Motels of Terrebonne, Inc.; the basis of this suit is Section 67d(2) of the Federal Bankruptcy Act.

### III

The property which is the subject of this law suit was acquired by the defendant at a foreclosure sale held in Houma, Louisiana on October 26, 1963 for the sum of $52,000.00; the foreclosure sale resulted from a suit filed by Ray A. Guidry against Motels of Terrebonne, Inc., the owner of the property in question; that suits bears the number 23–151 of the Docket of the Seventeenth Judicial District Court for the Parish of Terrebonne, State of Louisiana.

### IV

It is admitted that there were creditors of Motels of Terrebonne, Inc., on the date of the foreclosure sale in addition to the defendant Ray A. Guidry, and that the corporation was either insolvent at the time of the foreclosure sale or was rendered insolvent by said sale.

### V

Plaintiff contends (a) that the $52,-000.00 paid by defendant pursuant to his bid at the foreclosure sale for the subject property was not a fair consideration; and (b) that a foreclosure sale is a transfer within the meaning of Section 67 d(2) of the Federal Bankruptcy Act. Defendant contests the validity of these two contentions.

### VI

The subject property is situated in the Parish of Terrebonne, north of the City of Houma. It has a front footage on U. S. Highway 90 of 600 feet and extends westward to the rear a distance of 399.57 feet. This property consists of 5.489 acres and has no improvements thereon.

### VII

At the time of the trial of this case, plaintiff produced an expert witness to testify concerning the fair market value of the subject property on the date of the foreclosure sale, October 26, 1963. In arriving at his valuation, the principal comparable which he used was the sale of a 4.67 acre tract of land situated immediately north and adjacent to the subject property. This tract had a front footage of approximately 417 feet on U. S. Highway 90 and was sold on September 7, 1963 at private sale for the sum of $90,000.00. Plaintiff's expert valued this 4.67 acre tract at $134,213.00, stating that the two buildings situated thereon had a value of approximately $30,000.00. He concluded that the land itself had a value of $104,-213.00, or a value of $22,315.00 per acre. Using this as a basis, plaintiff's expert concluded that the subject property had a value of $23,680.00 per acre, or a total value of approximately $130,000.00 as of October 26, 1963.

### VIII

Defendant produced an expert witness to testify on his behalf. This witness also placed considerable reliance upon the same 4.67 acre tract in valuing

the subject property as of October 26, 1963. Defendant's expert valued this comparable property at $90,000.00, the price for which it was sold on September 7, 1963 at a private sale resulting from an arms-length transaction. He stated that in his opinion the two buildings situated on this property had a value of $33,026.00, and concluded that the land itself had a value of $56,974.00, or $12,200.00 per acre. He then valued that portion of the subject tract which was admittedly filled (75% or 4.116 acres) at $12,200.00 per acre or $50,227.40; he valued the remaining portion which was not filled (25% or 1.372 acres) at $5,000.00 per acre, or $6,710.00; and concluded that the subject tract had a market value of $56,-937.40 on October 26, 1963, based upon the 4.67 acre comparable.

### IX

Defendant's expert also relied upon a comparable property which contained 3.28 acres and adjoined the subject property on the south. This property fronts 417.51 feet on U. S. Highway 90 and sold in 1961 for $40,000.00, or $12,200.00 per acre. This valuation is consistent with his testimony as to the value of the land in the 4.67 acre tract adjoining the subject property on the north. There was testimony that at the time that this tract was purchased in 1961, the Police Jury of Terrebonne Parish had a right to construct a 50-foot road diagonally across this property; if this road had been constructed, it would have reduced to some degree the acreage involved. However, the Court is convinced that any such loss of acreage would have been more than compensated by the additional front footage which would have been acquired on the proposed roadway. The Court also notes that this right-of-way was never exercised and is now prescribed.

### X

Defendant's expert also utilized as a comparable a tract of land containing 10 acres situated immediately west of and adjoining the subject property. This tract was admittedly in need of fill and was sold at private sale on May 14, 1965 for $50,000.00 or $5,000.00 per acre. While this tract of land does not front on U. S. Highway 90, it does front on the extension of Williams Avenue for approximately 828 feet.

### XI

The Court, considering all of the evidence in this case, finds that the income approach, which is sometimes utilized to determine the fair market value of property, is an inappropriate method to utilize in the instant situation, as the evidence does not reflect that the subject property was generating any income whatsoever on October 26, 1963 or at any other time. The evidence also reflects that other adjacent properties were purchased near the date in question without any regard to valuations based upon this method.

### XII

The Court is confronted with overwhelming evidence establishing that the property immediately adjacent to the tract with which this Court is concerned was subject to considerable interest from prospective purchasers on and near the date in question. As a result, the Court finds that one of the most reliable factors which could be possibly utilized to determine the fair market value of the subject property on October 26, 1963 would be the price that it could command on that date at a public sale, based upon the sales of comparable property in the area.

### XIII

The Court finds that the fair market value of the subject property on October 26, 1963 was $52,000.00, the price for which the property was sold to the defendant at public sale. The Court further finds that this valuation is consistent with the valuation afforded to comparable properties in the area, as evidenced by the testimony of the expert who testified for the defendant.

## CONCLUSIONS OF LAW

### I

This matter is properly before this Court pursuant to Section 67d of the Act of Congress relating to Bankruptcy.

## II

■ In determining whether fair consideration was paid by the defendant for his purchase of the subject property, the fair market value of that property must be determined as of October 26, 1963, the date on which defendant acquired title thereto.

## III

■ It is recognized that sales of similar properties in the vicinity of the subject property, i. e., "comparable" sales, furnish the best guide to determine fair market value. Only in the absence of any such "comparable" sales should the Court rely upon the "capitalization of income" approach. State, Through Dept. of Highways v. O'Neal (La.App.1963) 150 So.2d 608; Orleans Parish School Board v. Paternostro, 236 La. 223, 107 So.2d 451, (1958); Columbia Gulf Transmission Co. v. Fontenot, 187 So.2d 455 (La.App. 1966).

## IV

■ There is no justification for utilizing the "capitalization of income" approach in attempting to establish the fair market value of the subject property on October 26, 1963 as (1) there were ample sales of comparable properties in the vicinity of the subject property near the date in question, and (2) the subject property was generating no income on the date in question.

## V

■ An evaluation of the sales of comparable properties adjacent to the subject property which occurred within a period of time reasonably near to October 26, 1963, convinces the Court that the sum of $52,000.00 paid by the defendant for the subject property on this date reflected the fair market value of said property at that time.

## VI

■ Furthermore, because of the interest evidenced by other purchasers in property within the immediate vicinity of the subject property near the date in question, the Court concludes that the highest price which the subject property could command at a public sale on October 26, 1963 would represent its true, fair market value.

## VII

■ Since the Court finds that the sum of $52,000.00 paid by defendant pursuant to his bid at the foreclosure sale for the subject property was a fair consideration, it need not adjudicate the issue as to whether or not a mortgage foreclosure sale is a transfer within the meaning of Section 67d(2) of the Federal Bankruptcy Act.

Let judgment for the defendant be entered accordingly.